Jerome Cooper, Esq. Village Attorney, Lawrence
You have requested that we render an opinion as to the legality of a proposal by an attorney for several residents of the village. The proposal is that the village board of trustees, under the provisions of the Emergency Tenant Protection Act of 1974 (ETPA), adopt a resolution declaring an emergency with respect to all buildings whose owners have submitted to the Attorney General a cooperative conversion offering plan. The declaration of emergency would apply until the plan is abandoned or withdrawn or if the plan is approved, until such time as occupying tenants vacate their units.
The Village of Lawrence has elected to be covered by section352-eee of the General Business Law (§ 352-eee[7]). These provisions protect tenants' interests in the event of the conversion of a building from residential rental status to cooperative or condominium ownership or other forms of cooperative interest in realty (id., § 352-eee[1][a]). There are two types of plans under which a building can be converted. The plan to be applied is determined by the percentage of tenants who have agreed to purchase units (id., § 352-eee[1][b] and [c]). Under a "non-eviction plan" (see, id., § 352-eee[1][b]), no eviction proceedings may be commenced at any time against non-purchasing tenants for failure to purchase their unit or for any other reason applicable to expiration of their tenancy (id., § 352-eee[2][c][ii]).
Under an "eviction plan" (see id., § 352-eee[1][c]), with certain exceptions, non-purchasing tenants may be evicted upon the expiration date in the tenant's lease or rental agreement or a date three years from the time the "eviction plan" is declared effective, whichever occurs later (id., § 352-eee[2][d][ii]). Under an "eviction plan", however, eviction proceedings may not be brought against "eligible senior citizens" and "eligible disabled persons" (id., § 352-eee[2][d][iii]). The rental interests of these non-purchasing tenants are protected. The rents of non-purchasing tenants under a "non-eviction plan" and of "eligible senior citizens" and "eligible disabled persons" under an "eviction plan" may not be subjected to unconscionable increases beyond ordinary increases for comparable apartments (id., § 352-eee[2][c][iv], [d][iii]). In determining comparability, consideration is to be given to such factors as building services, level of maintenance and operating expenses (ibid.). Non-purchasing tenants in a "non-eviction plan" and "eligible senior citizens" and "eligible disabled persons" in a "eviction plan" who reside in dwelling units subject to government regulation as to rentals and continued occupancy will continue to be subject to these regulations (id., § 352-eee[2][c][iii], [d][iv]).
According to the attorney making the proposal that is before us for review, it is the position of many tenants in the village that the definition of "unconscionable" in section 352-eee is vague and difficult to enforce. This is the genesis of the proposal to apply the protection of the ETPA to buildings being converted to cooperative or condominium ownership.
Under the ETPA, a village, town or city is empowered to determine that an emergency exists requiring the regulation of residential rents for any or all classes of housing accommodations in the municipality (McKinney's Unconsolidated Laws, § 8623[a]). This determination is to be made by the local legislative body on the basis of supply of housing accommodations in the municipality, the condition of the accommodations and the need for regulating and controlling rents in the municipality(ibid.). A declaration of an emergency may be made as to any class of housing accommodations if the vacancy for the housing accommodations in such class is not in excess of five percent (ibid.). An emergency may be declared as to all housing accommodations in the municipality if the vacancy rate for all housing accommodations is not in excess of five percent (ibid.).
The proposal under evaluation must be considered in light of the legislative intent behind the condominium conversion law (General Business Law, § 352-eee), and the ETPA.
The proposal to declare an emergency under the ETPA only as to non-purchasing tenants of buildings being converted to cooperative and condominium ownership serves to protect the rental interests of these persons against unreasonable increases of rents by landlords to force conversion of the units to cooperative or condominium status. Through section 352-eee of the General Business Law, the State Legislature already has established a mechanism for protection of these rental interests. The landlord may not charge "unconscionable rents" as defined by that law. Control of rents under the ETPA only as to these non-purchasing tenants would be inconsistent with the provisions of section 352-eee of the General Business Law, and in our view is unauthorized by the ETPA. Unlike the provisions of section 352-eee, whose purpose is to protect the rental interests of tenants in buildings undergoing conversion from the coercive actions of landlords, the ETPA addresses the problem of housing shortages resulting in unjust rental agreements and excessive rents.
As we have noted, however, under section 352-eee, non-purchasing tenants in a "non-eviction plan" and "eligible senior citizens" and "eligible disabled persons" in an "eviction plan" residing in dwelling units subject to government regulations as to rentals and continued occupancy will continue to be subject to these regulations (id., § 352-eee[2][c][iii], [d][iv]). A declaration of an emergency under the ETPA as to all rental housing in the village or as to a class or classes of rental housing in the village that includes apartment units in buildings being converted to cooperative or condominium ownership would, therefore, result in the control of rentals of non-purchasing tenants of these buildings.
We conclude that a village, under the Emergency Tenant Protection Act of 1974, is not authorized to declare an emergency only as to buildings being converted to cooperative or condominium units. A declaration of an emergency under the ETPA as to all rental housing or as to a class or classes of rental housing that includes apartment units in buildings being converted to cooperative or condominium ownership would, however, result in the control of rents of non-purchasing tenants in these buildings.